[No. 15037.   Department Two.   February 27, 1919.]

EMMA WOMACH, *Appellant,* v. E. F. STUERMER, *Respondent.*[1]

LANDLORD AND TENANT (124, 129) — UNLAWFUL DETAINER — DEFENSES.   A tenant holding over after appointment of a receiver in partition proceedings, knowing· that the receiver was in possession and that the land was to be partitioned, cannot hold the land or the receiver for payment for summer-fallow under a contract with one of the owners who had no authority to make the contract; notwithstanding the receiver received the rent for the current year.

PARTITION (22)—RECEIVERS (60)—SALES — TITLE OF PURCHASER.   Where land was sold at receiver's sale in partition proceedings, the purchaser took the entire title, free from a tenant's claim for summer-fallowing not of record.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J.; entered March 29, 1918, upon findings in favor of the defendant, in an action of unlawful detainer, tried to the court.   Reversed.

*G. E. Lovell,* for appellant.

*H. W. Reading* and *Freece & Pettijohn,* for respondent.

MOUNT, J.—This action was brought by the appellant for possession of certain farming land, in Lincoln county.   The complaint alleged that the plaintiff was the owner of the land and that defendant was in possession and refused to vacate.   The defendant admitted that the plaintiff was the owner of the land, but claimed the right to hold possession until he was paid for summer-fallowing one hundred and fifty-four acres.   The case was tried to the court without a jury, and resulted in a judgment in favor of the plaintiff for possession of the land, subject to the claim of de-

[1]Reported in 178 Pac. 801.

fendant for $616 for plowing and discing the summer-fallow. The plaintiff has appealed from the latter part of the judgment.

It appears that, prior to the year 1916, the land was in the possession of Amanda Sandygren, who in that year leased the land to the respondent. This was a written lease, which provided that the respondent should farm the land and give to Mrs. Sandygren one-third of the crops raised thereon. In that year, other parties, claiming to own an interest in the land, brought an action for a partition thereof. While that suit was pending, Mrs. Sandygren, retaining possession of the land, continued the original lease by oral agreement. In 1917 a receiver was appointed, and the land was partitioned among the co-owners. Pending that litigation, Mrs. Sandygren agreed with the respondent that he should summer-fallow certain of the land, promising him that he would be paid a reasonable price for plowing and summer-fallowing the land in case it was sold on partition. Under this agreement, the respondent continued to farm the land for the year 1917; and after the receiver was appointed, the receiver recognized the tenancy of the respondent and collected the rent for that year. In August of 1917, the land was sold at receiver's sale, and the part which had been summer-fallowed was bid in by the appellant. At the sale, the respondent asked the receiver who made the sale if the land was being sold subject to his claim for summer-fallowing. The receiver responded that the interest of the estate only was being sold. Thereafter, in March, 1918, the respondent was proceeding to seed the summer-fallow, when this action was brought.

It is apparent that Mrs. Sandygren had no authority to bind the land by any agreement of her own. The

tenant knew that the receiver was in possession, and that the land was to be partitioned by sale if necessary. It is not shown that the receiver made any agreement to pay for summer-fallow or had authority to do so. The fact that the receiver collected the rent did not bind the land to any contract which respondent had with Mrs. Sandygren. When the land was sold at receiver's sale, the whole interest of the estate was sold and the purchaser took title free of all claims not of record. We are satisfied, therefore, that the agreement with Mrs. Sandygren did not authorize the appellant to hold possession of the land or to enforce against the land the oral agreement with Mrs. Sandygren.

That part of the order appealed from is therefore reversed.

HOLCOMB, FULLERTON, MAIN, and PARKER, JJ., concur.